**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4623-16T2

J.L.,

     Plaintiff-Respondent,

v.

B.L.,

     Defendant-Appellant.

_____

Argued July 10, 2018 – Decided March 19, 2019

Before Judges O'Connor and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-1058-96.

Eric S. Solotoff argued the cause for appellant (Fox Rothschild, LLP, attorneys; Eric S. Solotoff, of counsel and on the briefs; Robert A. Epstein, on the briefs).

Stephanie A. Lodise argued the cause for respondent (Baker Hostetler, attorneys; J.L., on the pro se brief).

The opinion of the court was delivered by

O'CONNOR, J.A.D.

In this post-divorce judgment action, defendant B.L., appeals from a June 9, 2017 Family Part order compelling him to pay plaintiff J.L. $203 per week for the financial maintenance of the parties' twenty-seven year old son, Brian.[1] We remand for further proceedings.

                                                I

The parties divorced in 1997. They have two children; one is emancipated and not the subject of this litigation. The other, Brian, lives with plaintiff and, according to her, suffers from mental health problems that impair his ability to work. On November 1, 2013, the court entered an order that, among other things, denied defendant's motion to have Brian declared emancipated. The court found Brian had a schizoaffective disorder that made him financially dependent on his parents at that time. The court ordered child support to continue until it found Brian was no longer incapacitated or financially dependent.

---

[1] We use initials to refer to the parties and a pseudonym for the child in order to protect their privacy.

N.J.S.A. 2A:17-56.67, which became effective on February 1, 2017,[2] provides that "a child support obligation shall terminate by operation of law without order by the court when a child reaches [nineteen] years of age . . . ." N.J.S.A. 2A:17-56.67(a). However, under certain circumstances, a parent's obligation to pay child support may be extended until his or her child turns twenty-three years of age. See N.J.S.A. 2A:17-56.67(a), (e). In order to compel a parent to contribute toward a child's financial maintenance after the age of twenty-three, relief must be obtained pursuant to N.J.S.A. 2A:17-56.67(e)(1) or (2).

When N.J.S.A. 2A:17-56.67 became effective in February 2017, Brian was twenty-six years old and no longer eligible to receive child support. Therefore, plaintiff filed a motion to compel defendant to contribute toward his financial maintenance pursuant to N.J.S.A. 2A:17-56.67(e)(2), which provides in pertinent part:

> e. Notwithstanding the provisions of this section, the obligation to pay child support shall terminate by operation of law when a child reaches 23 years of age. . . . Nothing in this section shall be construed to:
>
>    . . . .

---

[2] Section 10 of L. 2015, c. 223 provides: "This act . . . shall be applicable to all child support orders issued prior to, on, or after the effective date." New Jersey Child Support Program Improvement Act, L. 2015, c. 223, § 10 (codified as N.J.S.A. 2A:17-56.67).

A-4623-16T2

(2) prevent the court, upon application of a parent or child, from converting, due to <u>exceptional circumstances</u> including, but not limited to, a mental or physical disability, a child support obligation to another form of financial maintenance for a child who has reached the age of 23.

[N.J.S.A. 2A:17-56.67(e)(2) (emphasis supplied).]

In support of her motion, plaintiff submitted a report from Daniel Zietchick, a licensed clinical social worker. The material information in that report was that Brian has a schizoaffective disorder, bipolar type; impulse control disorder; and attention deficit hyperactive disorder. Zietchick opined Brian is totally disabled psychiatrically and "unable to function independently in the work place." Zietchick also noted he provides psychotherapy to Brian and that a psychiatrist prescribed psychotropic drugs to him.

Relying on Zietchick's report, the court found Brian's mental disorders "significantly impair[] his ability to secure gainful employment and to be able to care for himself or live independently." The court further found Brian's condition had not changed over the years and, thus, there had been no change in circumstance to warrant any modification in defendant's obligation to contribute toward the child's support. The court granted plaintiff's motion to compel defendant to pay her $203 per week for Brian's financial maintenance.

II

On appeal, among other things, defendant contends Zietchick's expert's report is deficient and fails to establish Brian has a disability that requires financial maintenance under N.J.S.A. 2A:17-56.67(e). Defendant also requests that, if the matter is remanded for further proceedings, it be heard by a different judge.

This court reviews a trial court's order directing the payment of child support for abuse of discretion. See Caplan v. Caplan, 182 N.J. 250, 271 (2005) (discussing discretionary decision concerning child support where, as here, the Child Support Guidelines are inapplicable). We will overturn an award for child support only if there has been an abuse of discretion, a failure to correctly apply governing legal principles, or findings of fact that were clearly mistaken or lacking support in the record. Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015); Heinl v. Heinl, 287 N.J. Super. 337, 345 (App. Div. 1996).

As stated, N.J.S.A. 2A:17-56.67 terminates child support obligations "by operation of law when a child reaches [twenty-three] years of age," unless "upon application of a parent or child," the court converts "a child support obligation to another form of financial maintenance for a child who has reached the age of [twenty-three]" "due to exceptional circumstances including

. . . a mental or physical disability." N.J.S.A. 2A:17-56.67(e). Significantly, when N.J.S.A. 2A:17-56.67 was enacted, the Legislature left intact N.J.S.A. 2A:34-23(a), which provides:

> The obligation to pay support for a child who has not been emancipated by the court shall not terminate solely on the basis of the child's age if the child suffers from a <u>severe</u> mental or physical incapacity that causes the child to be financially dependent on a parent. The obligation to pay support for that child shall continue until the court finds that the child is relieved of the incapacity or is no longer financially dependent on the parent. However, in assessing the financial obligation of the parent, the court shall consider, <u>in addition to the factors enumerated in this section</u>,[3] the child's eligibility for public benefits and services for people with disabilities and may make such orders, including an order involving the creation of a trust, as are necessary to promote the well-being of the child.
>
> [<u>Ibid.</u> (emphasis supplied).]

---

[3] The factors in N.J.S.A. 2A:34-23(a) are: (1) the needs of the child; (2) the standard of living and economic circumstances of each parent; (3) the sources of income and assets of each parent; (4) the earning ability of each parent, including a parent's educational background, training, employment skills, work experience, custodial responsibility for children, including the cost of providing child care and the length of time and cost of each parent to obtain training or experience for appropriate employment; (5) the need and capacity of the child for education, including higher education; (6) the age and health of the child and each parent; (7) the income, assets and earning ability of the child; (8) the responsibility of the parents for the court-ordered support of others; (9) the reasonable debts and liabilities of each child and parent; and (10) any other factors the court may deem relevant.

A-4623-16T2

Read together, these provisions mean that "by operation of law," a parent has no continuing obligation to support an adult child after age twenty-three, unless the child or the moving parent overcomes that presumption and demonstrates the child's continuing "severe mental or physical incapacity causes" his continued financial dependence. When assessing a parent's financial obligation for a child who suffers from a severe mental or physical incapacity, the court must consider the factors in N.J.S.A. 2A:34-23(a). Additionally, "the court shall consider . . . the child's eligibility for public benefits and services for people with disabilities and may make such orders, including an order involving the creation of a trust, as are necessary to promote the well-being of the child." Ibid.

Here, defendant asserts the court should not have considered, let alone relied upon, Zietchick's expert's report because he did not certify that the statements in his report were true, see R. 1:4-4(b). Defendant does not cite authority for the premise an expert's report must be certified. However, even if the report should have been certified, under these particular circumstances we cannot conclude the trial court's consideration of and reliance upon the report constituted reversible error.

Defendant does not identify those statements of fact in the report about which he objects. The few statements of fact in the report are either

immaterial to the issues or undisputed. For example, it is neither disputed nor material what Brian's treatment has been in the past, as the issue before the court is whether Brain is capable of working today. We are aware of the statement that Brian is totally dependent upon his mother for financial support, but the issue is not whether Brian is dependent upon his mother but whether he is capable of working.

The key material statements in the report are Zietchick's medical opinions. However, the absence of a certification did not affect the value of those opinions. Even if Zietchick had executed a certification in accordance with Rule 1:4-4(b), at best he would have certified that, in his opinion, Brian is afflicted with the subject disorders and that they presently preclude him from working. A certification would not have established the validity of the medical opinions in the report, merely that Zietchick believed them to be true.

Of course, a certification has value if a party contends an expert has knowingly included an opinion in a report that he knows to be false. Here, however, defendant is not alleging Zietchick believes the medical opinions in his report were false. In fact, defendant does not proffer any evidence challenging the medical opinions in Zietchick's report, whether on the basis Zietchick falsified his opinions or that the opinions lack merit substantively.

A-4623-16T2

We also reject defendant's contention the court was obligated to hold a plenary hearing. A plenary hearing is not required in every contested proceeding. A plenary hearing is in order only if there is a genuine, material and legitimate factual dispute. See Lepis v. Lepis, 83 N.J. 139, 159 (1980) (holding that "a party must clearly demonstrate the existence of a genuine issue as to a material fact before a hearing is necessary."); see also Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (explaining that a hearing is required only when there "is a genuine and substantial factual dispute . . . ."). While it is clear defendant does not agree with Zietchick's opinions, he does not identify the material fact or facts in dispute that warrant a hearing. For instance, he did not proffer his own expert's report or any other evidence challenging Zietchick's conclusions Brian has the subject afflictions and that they interfere with his ability to work.

Nevertheless, we are constrained to remand this matter for further proceedings. The trial court did not consider the factors in N.J.S.A. 2A:34-23(a) before it ordered defendant to pay $203 per week for financial maintenance. Clearly, not all of the factors apply, but others do including, but not limited to, the parties' income and assets. In addition, the child's eligibility for public benefits and services for people with disabilities must be reviewed, as well. We are aware Brian sought but was not granted SSI benefits

A-4623-16T2

approximately four years ago. Notwithstanding, the benefits and services to which he now may be entitled must be explored.

We have considered defendant's remaining arguments, including but not limited to the argument this matter should be heard by a different judge, and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4623-16T2